UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Maria Rodriguez,          Plaintiff,

-against-

Cardiac Care and Vascular Medicine, PLLC,
Nancy Konovalov-Nanna and Michele Nanna,

Defendants.
-------------------------------------------------------------X

Index No.: 7-20CV09395

**COMPLAINT**

Plaintiff MARIA RODRIGUEZ, by her attorney Matthew Persanis, Esq. of Elefante & Persanis, LLP, as and for her complaint against Defendants Cardiac Care and Vascular Medicine, PLLC, Nancy Konovalov-Nanna and Michele Nanna alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Maria Rodriguez ("Plaintiff" or " Rodriguez") brings her action seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§6 and 7, 29 U.S.C. §§206 and 207.

2. Ms. Rodriguez's action further invokes diversity jurisdiction and the supplemental jurisdiction of the Court to consider claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§191, 193, 195, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142, and NY Labor Law §215).

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of the action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 et seq., including under 29 U.S.C. §§207, 216 and 217. The Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

4. Venue as to Defendants is proper in the judicial district pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District and are otherwise within the Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff in the judicial district.

5. The Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules §301, in that, *inter alia*, Defendants reside and/or transact business within the State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Fed.R.Civ.P. 4(h)(1).

## THE PARTIES

**Plaintiff**

6. Plaintiff is an adult natural person who resides in Westchester County (address left out for safety reasons), New York.

7. Plaintiff performed medical billing, clerical data entry and secretarial work for Defendants.

**Defendants**

8. Upon information and belief, Cardiac Care and Vascular Medicine, PLLC is a New York corporation, doing business in the State of New York, Westchester County, with a principal place of business located at 1461 Astor Ave. Bronx, NY 10469.

9. Defendant Cardiac Care and Vascular Medicine, PLLC is a medical practice for who the Plaintiff was employed.

10. Defendant Nancy Konovalov- Nanna is the owner of Cardiac Care and Vascular Medicine, PLLC and was the supervisor of Plaintiff and has a business address of 1461 Astor Ave. Bronx, NY 10469.

11. Defendant Michele Nanna is an owner of Cardiac Care and Vascular Medicine, PLLC. was a supervisor of Plaintiff and has a place of business at 1461 Astor Ave. Bronx, NY 10469.

## FACTUAL ALLEGATIONS

12. As described herein, Defendants have knowingly engaged in unlawful business practices by requiring the Plaintiff to work numerous hours on a daily and/or weekly basis without compensation.

13. Defendants have been and continues to be an employer engaged in interstate commerce and/or the production of good for commerce, within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

14. At all relevant times, Defendants employed and/or continues to employ Plaintiff within the meaning of the FLSA.

15. At all relevant times, Defendants employed and/or continue to employ Plaintiff within the meaning of the NYLL, §§2 and 651.

16. Upon information and belief, at all relevant times, both Defendant Cardiac Care and Vascular Medicine, PLLC and Cardiac Care of NY have had an annual gross revenue in excess of $500,000.00

17. The Defendants failed to pay the Plaintiff wages for over 5070 hours worked from February 2017 until May 29, 2020.

18. Upon information and belief, the Defendants' failure to pay the Plaintiff proper wages was willful.

## AS AND FOR A FIRST CAUSE OF ACTION
**FLSA Overtime Wage Violations 29 U.S.C. §§201 *et seq.***

10. Plaintiff repeats and realleges each allegation in the preceding paragraphs as though more fully set forth herein.

20. At all times relevant hereto, Defendants have been employers engaged in commerce as defined under 29 U.S.C. §203(b) and (d). Defendants employed Plaintiff as a Medical Billing clerk for their medical practice, a position which engaged the Plaintiff in commerce as defined under 29 U.S.C. §§203(b), (e), (g) and 29 U.S.C. §207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

21. In the performance of her duties for the Defendants, Plaintiff often worked thirty (30) hours per week, yet did not receive compensation for such work as required by the FLSA, 29 U.S.C. §§206 and 207. The precise number of unpaid overtime hours will be proven at trial.

22. Defendants' violations of the FLSA were willful violations within the meaning of 29 U.S.C. §255(a).

23. Accordingly, Plaintiff seeks judgment against Defendants for all unpaid wages, owed by Defendants to Plaintiff for the three-year period preceding the filing of this case,

together with an award of an additional equal amount as liquidated damages, and costs, interest and reasonable attorneys' fees, as provided for in 29 U.S.C. §216(b).

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff seeks and is entitled to recover damages for Plaintiff's failure to provide a statement and information required by NYLL § 198(1-b) and (1-d) and NYLL §195(3).

## AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiff seeks and is entitled to recover damages for her unpaid regular wages, damages pursuant to NYLL 190 et seq. 650 et seq., Attorney's fees and costs, pre and post judgement interest, along with such other relief as this Court deems just and proper.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief:

1. That the Court rule that the Defendants violated the provisions of the FLSA and NYLL as to Plaintiffs;

2. That the Court make an award to Plaintiff of damages and/or restitution for the amount of unpaid compensation, unpaid compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages.

3. An award of statutory damages for Defendants' failure to provide Plaintiff with statement and information required by NYLL § 195(1) and NYLL §195(3).

4. For all other Orders, findings and determinations identified and sought in this Complaint;

5. For pre-judgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate and to the fullest extent allowed by any law;

6. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. §216(b), New York Labor Law and as otherwise provided by law; and

7. Such other relief as this Court deems just and proper.

Dated: October 13, 2020
       Eastchester, New York

                                            ELEFANTE & PERSANIS, LLP

                            By: _____
                                   Matthew Persanis, Esq. (MP 1182)
                                   *Attorney for Defendant*
                                   141 Hillside Place
                                   Eastchester, NY 10709
                                   Tel:  (914) 961-4400
                                   Fax: (914) 961-4402